```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

CESAR VILLANUEVA,                    )
     Plaintiff,                      )
                                     )
                  v.                 )   C.A. No. 11-cv-30045-MAP
                                     )
FRANKLIN COUNTY SHERIFF'S            )
OFFICE, ET AL.,                      )
     Defendants                      )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 14, 24, & 26)

March 27, 2012

PONSOR, U.S.D.J.

I. INTRODUCTION

Plaintiff Cesar Villanueva has brought various constitutional and common law claims against a number of defendants connected with the Franklin County House of Correction, based on defective dental treatment, and lack of treatment, he suffered while an inmate there. The defendants are David Lanoie (Superintendent of the Franklin County House of Correction), Kevin Brown (Assistant Superintendent of the Franklin County House of Correction), Marylin Morningstar (Medical Director of the Franklin County House of Correction), Ernie Liacopolus (a dentist at the Franklin County House of Correction), R. Dale Troutman (a nurse at the Franklin County House of Correction), and Paul Hill (a correctional officer at the Franklin County House of

Correction).

Defendant Liacopolus filed an unopposed motion to dismiss the claims against him (Dkt. No. 14), and a supplemental motion to dismiss in light of Plaintiff's first amended complaint (Dkt. No. 26). The remaining Defendants also filed a motion to dismiss (Dkt. No. 24), which Plaintiff opposed (Dkt. No. 28). At the hearing on Defendants' motions on January 25, 2012, counsel agreed on a partial resolution of the motions.

After the hearing, Plaintiff filed a motion to amend the complaint (Dkt. No. 29), which was allowed on March 26, 2012. The second amended complaint substituted the names of Kevin Brown, R. Dale Troutman, and Captain Paul Hill for several Doe Defendants, dismissed all claims against the Franklin County Sheriff's Office and Sheriff Christopher J. Donelan, and deleted several other claims that were the subject of Defendants' motions to dismiss.

The claims that remain in the second amended complaint assert violations of 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, § 11I against Defendants Lanoie, Brown, Morningstar, Troutman, and Hill (Counts I & II); negligence and reckless or intentional infliction of emotional distress by Defendants Lanoie, Brown, Morningstar, Troutman, and Hill (Counts III & IV); and medical malpractice by Defendant

Liacopolus (Count V). For the following reasons, the court will deny Dr. Liacopolus' motions to dismiss, and will allow, in part, the other Defendants' motion to dismiss. The court will stay all proceedings pending completion of a review by the Medical Malpractice Tribunal under the supervision of the state court.

## II. BACKGROUND

From early 2008 until 2011, Plaintiff was an inmate at the Franklin County House of Correction. During this time, Plaintiff was treated on several occasions by Defendant Liacopolus, a dentist at the Franklin County House of Correction, for various dental problems. On July 3, 2009, the day after undergoing some unspecified dental work, Plaintiff began to notice a painful lump in the area of his mouth where the dental work had been performed. Plaintiff informed several nurses at the House of Correction of the pain and requested a dental visit. Plaintiff did not receive a dental visit and was instead given medication.

It emerged that Plaintiff was suffering from an abscess, and his corresponding pain continued to increase throughout July. Plaintiff informed correctional officers that he could not eat or sleep due to the pain. Plaintiff also contacted his fiancée, who contacted Superintendent Lanoie and Medical Director Morningstar to inform them of

Plaintiff's condition.  Plaintiff continued to request dental treatment, reporting that his pain was worsening and the medication was not helping, and he eventually submitted two Franklin County Sheriff's Office Health Services Grievance Forms when he received no response.  On July 27, 2009, Plaintiff threatened to harm himself if not seen by medical staff.  At times he lay on the floor crying in agony.  Correctional officers informed Plaintiff that he would have to wait until the next time the dentist came to the facility.  Nurse R. Dale Troutman allegedly laughed at Plaintiff's request for treatment and accused him of seeking narcotics.

    On July 28, 2009, Plaintiff was sent to Baystate Franklin Medical Center due to complaints of chest pain.  A doctor at the medical center told Plaintiff to continue his course of penicillin and prescribed pain medication.  When Plaintiff returned to the House of Correction, he was sent to a higher classification unit.  He continued to complain of great pain and request medical treatment, but was denied.  As a result, Plaintiff again began crying -- this time hitting his head on the wall repeatedly as well.  Defendant's response was to place Plaintiff on suicide watch.  While on suicide watch, Plaintiff again requested medical treatment, this time from Defendant Kevin Brown, and

was again denied.

Plaintiff finally ruptured the abscess in his mouth himself in an attempt to relieve his pain.  Defendant Troutman visited Plaintiff in response to his self-inflicted incision, but refused to conduct a full examination because he was at the end of his shift.

Plaintiff saw dentist Liacopolus again on July 30, 2009, almost four weeks after he first reported experiencing discomfort.  Liacopolus could not treat the abscess in Plaintiff's mouth, and Plaintiff was sent to Connecticut Valley Oral Surgery Associates for treatment.  Dr. Alan C. Garlick informed Plaintiff that he most likely suffered some bone loss and might lose some teeth due to the abscess. Based on the allegedly deficient medical care he received, Plaintiff filed this action on February 23, 2011.

### III. DISCUSSION

A.   Dr. Liacopolus' Motions to Dismiss.

The only claim against Dr. Liacopolus in the second amended complaint is Count V, which alleges medical malpractice.  Based on the agreement of the parties, the court will deny Dr. Liacopolus' motions to dismiss and stay all proceedings in this case pending completion of a review by the Medical Malpractice Tribunal.

B.   Other Defendants' Motion to Dismiss.

1. <u>42 U.S.C. § 1983</u>.

Count I alleges a 42 U.S.C. § 1983 claim under the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution against Defendants Lanoie, Brown, Morningstar, Troutman, and Hill.  It is unclear whether these defendants are sued in their official or individual capacities.  To the extent that they are sued in their official capacities, they may not be sued for damages in a § 1983 action.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 108 (1st Cir. 1999).  Consequently, the court will allow Defendants' motion as to all official capacity claims in Count I.

The court will deny the motion as to all individual capacity claims in Count I because, at least at this stage of the case, Plaintiff has alleged sufficient evidence of "deliberate indifference" on the part of these Defendants to warrant further proceedings.[1]  <u>See</u> <u>Leavitt v. Corr. Med.</u>

---

[1] Defendants also argue that they are entitled to qualified immunity. For the reasons discussed above, however, the facts alleged make out a violation of the Eighth Amendment right against cruel and unusual punishment sufficient to survive a motion to dismiss. The law surrounding the prohibition of cruel and unusual punishment was clearly established and it is likely that a reasonable defendant would have understood that intentionally failing to treat a serious medical condition would result in a violation of an inmate's rights. <u>See</u> <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 269 (1st Cir. 2009) (laying out the test for a claim of qualified immunity).

Servs. Inc., 645 F.3d 484, 497 (1st Cir. 2011) ("The failure of correctional officials to provide inmates with adequate medical care may offend the Eighth Amendment if their 'acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs.'" (internal citation omitted)).

The second amended complaint alleges that Plaintiff experienced severe, debilitating pain in his mouth between July 3 and July 30, 2009. The complaint also alleges that Defendants had actual knowledge of this serious risk to Plaintiff's health: Plaintiff complained of his pain repeatedly to correctional officers and nurses, he filed official grievances, and his fiancée contacted Defendants Morningstar and Lanoie directly to inform them of Plaintiff's condition. Finally, the complaint alleges that during the nearly four weeks that Plaintiff complained of severe pain, none of the Defendants took any actions to get Plaintiff medical treatment, except to give him ineffective pain medication. These allegations are sufficient to survive a motion to dismiss. The issue of "deliberate indifference" may be revisited at summary judgment.

2.  Massachusetts Civil Rights Statute.

Count II brings a claim under Mass. Gen. Laws ch. 12, § 11I, alleging that Defendants Lanoie, Brown, Morningstar,

Troutman, and Hill violated Plaintiff's rights under the federal constitution and the Massachusetts Declaration of Rights.  State employees sued in their official capacities are not "persons" within the meaning chapter 12. <u>Commonwealth v. ELM Med. Labs., Inc.</u>, 33 Mass. App. Ct. 71, 76, 596 N.E.2d 376 (1992).  The court will allow Defendants' motion as to all official capacity claims in Count II.  The court will deny Defendants' motion as to all individual capacity claims in Count II for the reasons discussed in connection with the § 1983 claim.

    3.   <u>Common Law Claims</u>.

Count III alleges negligence and Count IV alleges reckless or intentional infliction of emotional distress by Defendants Lanoie, Brown, Morningstar, Troutman, and Hill.

To the extent that Defendants are sued in their individual capacities, they cannot be held liable under the Massachusetts Tort Claims Act for negligent actions they took within the scope of their employment.  Mass. Gen. Laws ch. 258, § 2.  They may, however, be liable for negligence in their official capacities.  <u>Cf.</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (claims against individuals in their official capacities are, "in all respects other than name, to be treated as a suit against the entity").  Consequently, the court will allow Defendants' motion as to all individual

capacity claims under Count III, and deny the motion as to all official capacity claims under Count III.

Defendants may also be held liable in their individual capacities, but not in their official capacities, for intentional torts. Mass. Gen. Laws ch. 258, § 10(c); Nelson v. Salem State College, 446 Mass. 525, 537, 845 N.E.2d 338, 348 (2006). The court will allow Defendants' motion as to all official capacity claims under Count IV, and deny the motion as to all individual capacity claims under Count IV.

Defendants have not argued for dismissal of these Counts on other grounds and the court finds that, at this early stage, Plaintiff has made sufficient allegations to go forward on his common law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant Liacopolus' motions to dismiss (Dkt. Nos. 14 & 26) are hereby DENIED. The motion to dismiss of the other Defendants (Dkt. No. 24) is ALLOWED as to the individual capacity claims in Count III and the official capacity claims in Counts I, II, and IV. The motion is DENIED in all other respects. In order to permit the Medical Malpractice Tribunal to act, all proceedings in this case are STAYED, both with regard to Dr. Liacopolus and the other Defendants, pending a decision from the Medical Malpractice Tribunal.

It is So Ordered.

                                           <u>/s/ Michael A. Ponsor</u>
                                           MICHAEL A. PONSOR
                                           U. S. District Judge